IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| ANTONIO LAMONT LIGHTFOOT, )<br>            )<br>  Petitioner, )<br>            )<br>v.          )<br>            )<br>JOEL ZIEGLER, Warden, )<br>            )<br>  Respondent. ) | Civil Action No. 5:12-02236 |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application be dismissed.

### FACT AND PROCEDURE

**A.     Criminal Action No. 8:99-cr-0409:**

On January 27, 2000, Petitioner was convicted in the United States District Court for the District of Maryland of one count of bank robbery in violation of 18 U.S.C. § 2113(a), (d), and (f) (Count 1), and one count of use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count 2). United States v. Lightfoot, Case No. 8:99-cr-0409 (D.Md. July 11,

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

2007), Document No. 20. On April 21, 2000, the District Court sentenced Petitioner to life imprisonment. Id., Document No. 28. On April 28, 2000, Petitioner filed his Notice of Appeal. Id., Document No. 29. On March 28, 2001, the Fourth Circuit affirmed Petitioner's conviction and sentence. Id., Document No. 39; United States v. Lightfoot, 6 Fed.Appx. 181 (4th Cir. 2001).

**B.      First Section 2255 Motion:**

On August 27, 2002, Petitioner, acting *pro se*, filed in the District of Maryland a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Lightfoot, Case No. 8:99-cr-0409, Document No. 41. The United States filed its Response on November 15, 2002. Id., Document No. 44. By Memorandum Opinion and Order entered on July 18, 2003, the District Court denied Petitioner's Section 2255 Motion. Id., Document No. 45 and 46. On September 5, 2003, Petitioner filed a Notice of Appeal. Id., Document No. 47. On December 23, 2003, the Fourth Circuit denied Petitioner a certificate of appealability and dismissed his appeal. Id., Document No. 56; United States v. Lightfoot, 84 Fed.Appx. 292 (4th Cir. 2003).

**C.      Rule 60(b) Motion:**

On June 1, 2004, Petitioner filed in the District of Maryland a Motion for Rule 60(b) Relief. Lightfoot, Case No. 8:99-cr-0409, Document No. 58. By Order entered on November 30, 2004, the District Court construed Petitioner's Motion for Rule 60(b) Relief as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and dismissed the Motion as successive. Id., Document No. 65. On January 18, 2005, Petitioner filed a Notice of Appeal. Id., Document No. 67. On April 21, 2005, the Fourth Circuit denied Petitioner a certificate of appealability and dismissed his appeal. Id., Document No. 68; United States v. Lightfoot, 126 Fed.Appx. 143 (4th Cir. 2005). Additionally, the Fourth Circuit construed Petitioner's notice of

appeal as an application to file a second or successive motion under Section 2255 and denied Petitioner authorization to file a successive Section 2255 Motion. Id.

**D.     Request for authorization to file Successive Section 2255 Motion:**

Petitioner filed with the Fourth Circuit a Motion under 28 U.S.C. § 2244 requesting an order authorizing the District Court to consider a second or successive application for relief under 28 U.S.C. § 2255. By Order entered on February 28, 2012 the Fourth Circuit denied Petitioner's Motion seeking authorization to file a second or successive application for relief under 28 U.S.C. § 2255. Lightfoot, Case No. 8:99-cr-0409, Document No. 72.

**E.     Second Section 2255 Motion:**

On May 14, 2012, Petitioner filed in the District of Maryland his second Section 2255 Motion. Lightfoot, Case No. 8:99-cr-0409, Document No. 73. In support of his Motion, Petitioner alleged the discovery of evidence establishing his actual innocence. Id. By Memorandum Opinion and Order entered on May 21, 2012, the District Court dismissed Petitioner's Section 2255 Motion as successive. Id., Document No. 74.

**F.     Section 2241 Petition:**

On June 22, 2012, Petitioner, acting *pro se*, filed his instant Petition requesting relief under 28 U.S.C. § 2241 and Memorandum in Support. (Document Nos. 1 and 2.) In his Petition, Petitioner alleges that he has discovered new evidence establishing his innocence. (Id.) Specifically, Petitioner contends that "he has a valid claim of actual innocence stemming from the affidavit of the person who actually committed the crime he is convicted of." (Document No. 2, p. 1.) Petitioner complains that he was convicted based upon "circumstantial evidence, other crimes and bad acts that were previously committed by Petitioner, and the fact that Petitioner was in the area where money and

a sweat shirt, allegedly worn by the robber, was recovered." (Id., p. 2.) Petitioner notes that "none of the bank tellers identified Petitioner as the person who robbed the bank" and "the tellers gave a description of the robber that did not fit that of Petitioner." (Id.) Petitioner further complains that he "was denied a jury instruction of mistaken identity." (Id.) Petitioner alleges that upon his transfer to FCI Beckley, Petitioner was approached by Delonta Smith, who "informed Petitioner that he knew James Montgomery, a.k.a. 'Cheese,' and told Petitioner, 'Man, I'm the one that robbed that bank.'" (Id.) Petitioner states that he "received a Sworn Affidavit from Delonta Smith admitting that he is the person who robbed the Bank Branch and Trust Bank on September 14, 1999." (Id., p. 3.) Petitioner alleges that he "filed a section 2244 motion seeking to receive permission from the Fourth Circuit of Appeals to file a successive 2255 motion based on the newly discovered evidence of his actual innocence," but the Motion was denied. (Id.) Petitioner asserts that he is entitled to relief pursuant to Section 2241 Petition because he "has no other alternative to gain judicial review of the actual innocence claim." (Id., pp. 4 - 6.) Petitioner, however, acknowledges that he "does not have an intervening change in law, rather, he has a credible affidavit from the actual perpetrator of the crime he stands convicted for." (Id.) Petitioner further asserts that "the constitutional violation is one under *Brady v. Maryland* where the government suppressed evidence that James Montgomery was committing robberies with a person other than Petitioner." (Id., p. 6 - 12.) Petitioner, therefore, argues that the Court should grant his Section 2241 Petition.[2] (Id., p. 12.)

---

[2] A Section 2241 petition for *habeas corpus* must be filed "in the district in which the prisoner is confined." *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). In the instant case, Petitioner filed his Section 2241 Petition while incarcerated at FCI Beckley, located in Beckley, West Virginia. FCI Beckley lies within the Southern District of West Virginia. While Petitioner's Petition was pending before this Court, he was transferred by the BOP to USP Allenwood, which is located in the Middle District of Pennsylvania. The Fourth Circuit has stated that "[j]urisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they

As Exhibits, Petitioner attaches the following: (1) A copy the "Sworn Affidavit of Delonta Smith" (Id., pp. 14 - 16.); (2) A copy of the "Docketing Notice – 2244 Motion" from the Fourth Circuit Court of Appeals dated February 15, 2012 (Id., p. 18.); (3) A copy of an Order denying Petitioner's Section 2244 Motion from the Fourth Circuit dated February 28, 2012 (Id., p. 20.); and (4) A copy of the "Government's Proffer in Support of Plea of Guilty" as filed in United States v. James Montgomery, Criminal Action 99-417 on March 29, 2000 (Id., pp. 22 - 25.). Additionally, the Court has received letters in support of Petitioner's Petition from the following individuals: Evon Williams, Sandra Campbell, Kim Mitchell, Brenda Campbell, Andre Green, Deborah Mitchell, and Arraja Green. (Document Nos. 6 - 10.)

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11 Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255

---

filed actions does not defeat personal jurisdiction." *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994)(*citing Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990)); *also see Chaney v. O'Brien*, 2007 WL 1189641 at * 1 (W.D.Va. 2007)(finding that jurisdiction over petitioner was determined at the time the action was filed, not based on petitioner's subsequent transfer to Illinois during pendency of his Section 2241 Petition); *Martin v. United States*, 2006 WL 231485 (N.D.W.Va. Jan. 31, 2006)(stating that "once properly filed . . . a prisoner's subsequent transfer does not necessarily destroy jurisdiction in the district where the prisoner was incarcerated at the time the habeas petition was filed"). The undersigned therefore finds that since Petitioner's Petition was properly filed in the Southern District of West Virginia, this Court has authority to consider Petitioner's Petition based on the merits notwithstanding his transfer to a prison outside this District.

(federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction and sentence imposed by the District of Maryland. Specifically, Petitioner claims that he is "actually innocent" and the prosecutor improperly withheld exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83, 10 L.Ed.2d 215, 83 S.Ct. 1194 (1963.). Petitioner explains that he has a sworn affidavit supporting his claim of actual innocence. Thus, Petitioner

requests that this Court invalidate his conviction and sentence. Petitioner is basically challenging the validity of his conviction and sentence, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the District of Maryland. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.[3]

---

[3] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357

---

Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." *In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999); *See* 28 U.S.C. § 2244(b)(3)(A). The Fourth Circuit has denied at least one of Petitioner's Motions under 28 U.S.C. § 2244 for an order authorizing the District Court to consider a successive application for relief under Section 2255.

8

(S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34.

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner does not satisfy the requirements set forth in In re Jones because he does not allege an intervening change in law that establishes his actual innocence. As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: April 17, 2015.

R. Clarke VanDervort
United States Magistrate Judge